G. Thomas Martin, III, Esq. (SBN 218456)
Krohn & Moss, Ltd.
10474 Santa Monica Blvd., Suite 401
Los Angeles, CA  90025
T: (323) 988-2400; F: (866) 802-0021
tmartin@consumerlawcenter.com

Attorneys for Plaintiff, MICHELLE RICCA

# UNITED STATES DISTRICT COURT

## EASTERN DISTRICT OF CALIFORNIA - SACRAMENTO DIVISION

| | |
|---|---|
| MICHELE RICCA, | Case No.: |
| Plaintiff, | **FIRST AMENDED VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL** |
| vs. | |
| ALLIANCE ASSET MANAGEMENT, INC., | **(Unlawful Debt Collection Practices)** |
| Defendant. | |

### PLAINTIFF'S FIRST AMENDED COMPLAINT

MICHELE RICCA (Plaintiff), through her attorneys, KROHN & MOSS, LTD., alleges the following against ALLIANCE ASSET MANGEMENT, INC. (Defendant):

### INTRODUCTION

1. Count I of the Plaintiff's Complaint is based on Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788 et seq.* (RFDCPA).

2. Count II of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, *15 U.S.C. 1692 et seq.* (FDCPA).

3. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

## JURISDICTION AND VENUE

4. Jurisdiction arises under *Cal. Civ. Pro. §410.10*.

5. Defendant conducts business in the State of California, and therefore, personal jurisdiction is established.

6. Venue is proper pursuant to *Cal. Civ. Pro. §395(a)*.

7. Declaratory relief is available pursuant to *Cal. Civ. Pro. §1060*.

## PARTIES

8. Plaintiff is a natural person residing in Sacramento, Sacramento County, California.

9. Plaintiff is a consumer as that term is defined by *15 U.S.C. 1692a(3)*, and according to Defendant, Plaintiff allegedly owes a debt as that term is defined by *15 U.S.C. 1692a(5)* and *Cal. Civ. Code § 1788.2(h)*.

10. Defendant is a debt collector as that term is defined by *15 U.S.C. 1692a(6)* and *Cal. Civ. Code §1788.2(c)*, and sought to collect a consumer debt from Plaintiff.

11. Defendant is a national company with its headquarters in Wooddale, Illinois.

## FACTUAL ALLEGATIONS

12. Defendant constantly and continuously places collection calls to Plaintiff seeking and demanding payment for an alleged consumer debt.

13. Defendant constantly and continuously places collection calls to Plaintiff on her home telephone number (916) 391-2237; on her cell phone (916) 519-8774 and to her work at (916) 231-1804.

14. Defendant calls Plaintiff and hangs up without leaving a voicemail message.

15. Defendant placed telephone calls without meaningful disclosure of the caller's identity.

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

16. Defendant failed to identify itself as a debt collector in subsequent communications.

## COUNT I
## DEFENDANT VIOLATED THE ROSENTHAL FAIR DEBT COLLECTION PRACTICES ACT

17. Defendant violated the RFDCPA based on the following:

   a. Defendant violated *§1788.11(b)* of the RFDCPA by contacting the Plaintiff and failing to disclose the caller's identity.

   b. Defendant violated *§1788.11(d)* of the RFDCPA by causing the telephone to ring repeatedly and continuously to annoy the person called.

   c. Defendant violated *§1788.11(e)* of the RFDCPA by communicating with the Plaintiff with such frequency as to be unreasonable and to constitute harassment.

   d. Defendant violated *§1788.17* of the RFDCPA by continuously failing to comply with the statutory regulations contained within the FDCPA, *15 U.S.C. § 1692 et seq*.

WHEREFORE, Plaintiff, MICHELE RICCA, respectfully requests judgment be entered against Defendant, ALLIANCE ASSET MANAGEMENT, INC., for the following:

18. Declaratory judgment that Defendant's conduct violated the Rosenthal Fair Debt Collection Practices Act,

19. Statutory damages pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(b)*,

20. Actual damages,

21. Costs and reasonable attorneys' fees pursuant to the Rosenthal Fair Debt Collection Practices Act, *Cal. Civ. Code §1788.30(c)*, and

22. Any other relief that this Honorable Court deems appropriate.

# COUNT II
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT

23. Plaintiff repeats and re-alleges all of the allegations in Count I of Plaintiff's Complaint as the allegations in Count II of Plaintiff's Complaint.

24. Defendant violated the FDCPA based on the following:

    a. Defendant violated *§1692d* of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, or abuse Plaintiff.

    b. Defendant violated *§1692d(5)* of the FDCPA by causing the phone to ring repeatedly.

    c. Defendant violated *§1692d(6)* of the FDCPA by placing telephone calls without disclosing his/her identity.

    d. Defendant violated *§1692e(11)* of the FDCPA by failing to disclose in subsequent communications that the communication was from a debt collector.

WHEREFORE, Plaintiff, MICHELE RICCA, respectfully requests judgment be entered against Defendant, ALLIANCE ASSET MANAGEMENT, INC., for the following:

25. Declaratory judgment that Defendant's conduct violated the Fair Debt Collection Practices Act,

26. Statutory damages pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k*,

27. Actual damages,

28. Costs and reasonable attorneys' fees pursuant to the Fair Debt Collection Practices Act, *15 U.S.C. 1692k,*

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL

29. Any other relief that this Honorable Court deems appropriate.

                                                RESPECTFULLY SUBMITTED,

DATED: April 20, 2010           KROHN & MOSS, LTD.

                                By: /s/ G. Thomas Martin, III

                                G. Thomas Martin, III
                                Attorney for Plaintiff

## **DEMAND FOR JURY TRIAL**

PLEASE TAKE NOTICE that Plaintiff, MICHELE RICCA, hereby demands trial by jury in this action.

ATTN: TOM MARTIN

**VERIFICATION OF FIRST AMENDED COMPLAINT AND CERTIFICATION**

STATE OF CALIFORNIA

Plaintiff, MICHELE RICCA, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil First Amended Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil First Amended Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil First Amended Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the First Amended Complaint.
5. I have filed this First Amended Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this First Amended Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, MICHELE RICCA, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

DATED: 4/23/10                    *[signature]*

MICHELE RICCA, PLAINTIFF

VERIFIED COMPLAINT AND DEMAND FOR JURY TRIAL